THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEADOTTO McGAUGHY, Defendant-Appellant.

Third District    No. 3—99—0005

Opinion filed May 19, 2000.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, and Geoffrey P. Campbell, of Rock Island, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of Ottawa), for the People.

JUSTICE LYTTON delivered the opinion of the court:

A jury found defendant, Deadotto McGaughy, guilty of aggravated battery. 720 ILCS 5/12—4(b)(6) (1996). He appeals, contending that (1) the State improperly used its peremptory challenges, and (2) he was not proven guilty beyond a reasonable doubt. We affirm.

## BACKGROUND

Only 1 of the 30 venirepersons summoned for defendant's trial, Angela Hopkins, was black. The prosecutor used a peremptory challenge on Hopkins, and defendant's attorney immediately objected. The judge noted that Hopkins was the only black person in the panel and requested a race-neutral basis for the challenge. The prosecutor said the challenge was based on Hopkins' young age, 18 years; he explained that he struck two other venirepersons for the same reason. The judge found that age was an acceptable basis for the challenge.

At trial, police officer David Harris testified that he approached defendant's car at approximately 3 a.m. looking for Unarice Jones. Jones was defendant's friend and had fled from police earlier that evening. As Harris approached, in uniform, defendant put his car in reverse and started backing up. Harris identified himself as a police officer and commanded defendant to stop. Defendant said "okay" but continued backing up. Harris ran beside the car and repeated his command to stop three or four times. Defendant eventually backed around a corner and his front fender hit Harris and "tripped [his] legs." Defendant stopped, and Harris stood in front of the car with his gun drawn because of suspicious movement inside. Defendant then shifted into drive and hit the accelerator. As Harris "rolled" out of the way, the fender struck his leg and the driver's side mirror struck his arm. He had no doubt that defendant was trying to hit him. He sustained bruises and experienced some soreness but did not go to the hospital.

Defendant testified that he started backing up because he saw an unidentified person running toward his car with a pistol. He did not hear any commands to stop. He recognized the person as Officer Harris after backing around the corner. Nevertheless, he still shifted into drive and sped away because he felt that Harris was approaching in a threatening manner. Harris was not standing in front of the car; defendant did not know and did not believe that he had hit Harris.

The jury returned a guilty verdict, and defendant filed a motion for a new trial, which was denied.

## DISCUSSION

### 1. Peremptory Challenges

■ Defendant claims that the judge erred in accepting Hopkins' age as a race-neutral explanation for the State's peremptory challenge against her. In *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), the Supreme Court established a three-pronged analysis for determining whether peremptory challenges are racially motivated in violation of the equal protection clause. First, the defendant must establish a *prima facie* case of purposeful discrimination in the State's use of its challenges. Second, if the *prima facie* case is established, the burden shifts to the State to articulate a race-neutral explanation for striking the potential juror. Third, the judge must determine whether the defendant has proven purposeful discrimination. *Batson*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712. Once a prosecutor offers a race-neutral explanation and the judge rules on the issue, the question of whether the defendant established a *prima facie* case becomes moot and a reviewing court focuses solely on whether the judge's ruling was proper. *People v. Smith*, 258 Ill. App. 3d 1003, 630 N.E.2d 1068 (1994). We will not overturn such a ruling unless it is against the manifest weight of the evidence. *Smith*, 258 Ill. App. 3d 1003, 630 N.E.2d 1068.

■ The State argues that defendant did not establish a *prima facie* case of purposeful discrimination. However, the prosecutor offered a race-neutral explanation for challenging Hopkins and the judge ruled on the discrimination issue. Thus, our sole focus is on whether the judge's ruling was proper.

The record shows that, in addition to Hopkins, the prosecutor challenged two white venirepersons because of their young ages, 23 and 24. He also challenged the only other venireperson who was under 30 years old, although the record is silent as to why. These facts support the prosecutor's statement that he was concerned about empaneling young jurors. Such a concern is an acceptable race-neutral explanation for exercising peremptory challenges. See, *e.g.*, *People v. Mack*, 128 Ill. 2d 231, 538 N.E.2d 1107 (1989); *People v. Hemphill*, 230 Ill. App. 3d 453, 594 N.E.2d 1279 (1992). Accordingly, we cannot say that the judge's ruling contravened the manifest weight of the evidence.

Defendant then claims that we should treat age as a suspect class subject to heightened scrutiny, like race, under the *Batson* analysis. The United States Supreme Court has not extended *Batson* to encompass age-based peremptory challenges, and several federal

circuit courts have specifically rejected such claims. See, for example, *Weber v. Strippit, Inc.*, 186 F.3d 907 (8th Cir. 1999); *United States v. Maxwell*, 160 F.3d 1071 (6th Cir. 1998). Young people are not part of a distinct group protected by the fourteenth amendment's equal protection clause. *Maxwell*, 160 F.3d at 1075. Thus, age is not a suspect classification entitled to strict or even heightened scrutiny. *Weber*, 186 F.3d at 911. Accordingly, we decline to extend *Batson* in the manner urged by defendant.

Defendant also claims that the State's use of age-based peremptory challenges violated his sixth amendment right to trial by a fair and impartial jury. A similar claim was rejected in *United States v. Jackson*, 983 F.2d 757 (7th Cir. 1993). Young adults do not qualify as a "distinctive group" whose exclusion from a petit jury through peremptory challenges invokes the sixth amendment. *People v. Treece*, 159 Ill. App. 3d 397, 411-12, 511 N.E.2d 1361, 1369-70 (1987). Thus, we find no sixth amendment violation in the instant case.

Defendant also relies on the Illinois Human Rights Act, which declares a public policy of securing individual freedom from discrimination based on age. 775 ILCS 5/1—102(A) (West 1998). The Act, however, does not apply to defendant's case. First, its protections do not encompass the jury selection process. 775 ILCS 5/1—102(A) (West 1998) (declaring a policy against discrimination "in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations"). Second, its definition of "age" excludes defendant, who was 24 years old at the time of his trial. The part of the statute applicable to defendant defines "age" as "the chronological age of a person who is at least 40 years old." 775 ILCS 5/1—103(A) (West 1998).

## 2. Reasonable Doubt

Finally, defendant claims that "[Harris'] testimony was so fraught with inconsistencies such that the State has failed to prove [him] guilty beyond a reasonable doubt." During a criminal trial, the jury's role is to determine the credibility of witnesses, weigh their testimony, and draw reasonable inferences from the evidence. *People v. Jimerson*, 127 Ill. 2d 12, 535 N.E.2d 889 (1989). When a defendant challenges the sufficiency of the State's evidence on appeal, our role is to view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). We will not reverse a conviction unless the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant's guilt. *People v. Byron*, 164 Ill. 2d 279, 647 N.E.2d 946 (1995).

A person commits aggravated battery when he: (1) intentionally or knowingly makes physical contact of an insulting nature; (2) knowing that the individual harmed is a peace officer; and (3) knowing that the officer is engaged in official duties. 720 ILCS 5/12—3(a)(2), 12—4(b)(6) (West 1996). In the instant case, defendant's own testimony established the second and third elements of aggravated battery. The jury could have reasonably inferred the first element from Harris' testimony.

Defendant argues that his testimony contradicted Harris' testimony on the issue of whether Harris was hit by the car. This argument is unavailing because such conflicts in the evidence do not warrant reversal of a conviction on review. See *People v. Morales*, 281 Ill. App. 3d 695, 666 N.E.2d 839 (1996). Defendant also argues that Harris' claim of being hit is suspect because he did not fall to the ground, seek medical treatment, or miss any work due to injuries. However, these facts pertain to Harris' credibility and the weight his testimony should receive. Such determinations belonged to the jury, which apparently found Harris to be a credible witness. Defendant alleges several other "inconsistencies," but any discrepancies do not contradict the State's evidence on the key question of whether he intentionally or knowingly hit Harris with his car. Thus, viewing the evidence in a light most favorable to the State, we conclude that a rational trier of fact could have found the elements of aggravated battery proven beyond a reasonable doubt.

## CONCLUSION

The judgment of the Will County circuit court is affirmed.

Affirmed.

HOMER and KOEHLER, JJ., concur.